UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERANO-ANDREI DUMITRASCU,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:25-cv-00513-JES-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO DISMISS; and**<br><br>**(2) GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>**[ECF Nos. 4, 12]** |

On June 24, 2025, Defendant CoreCivic of Tennessee, LLC ("Defendant") filed a Motion to Dismiss Plaintiff Serano-Andrei Dumitrascu's ("Plaintiff") complaint. ECF No. 4. Plaintiff has not filed an opposition. The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d.1). For the reasons set forth below, the Court **GRANTS** Defendant's motion to dismiss.

## I.　　BACKGROUND

Plaintiff's claims appear to be based on the alleged wrongful death of his father, Cristian Dumitrascu, who was a civil detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE") at the Otay Mesa Detention Center, which is owned and

operated by CoreCivic, Inc. Compl. ¶¶ 1-5. Plaintiff alleges that on March 5, 2023, his father stopped breathing while in custody and died because Defendant breached multiple standards of care in providing medical assistance to his father. *Id*. ¶¶ 15-18, 28-37. Plaintiff asserts a single claim for wrongful death and seeks compensatory and punitive damages. *Id*. ¶ 58.

## II.    DISCUSSION

### A. Motion to Dismiss

The Court grants Defendant's Motion to Dismiss (ECF No. 4) based on Plaintiff's lack of opposition. Defendant filed its Motion to Dismiss on June 24, 2025. ECF No. 4. The motion was served on Plaintiff by U.S. Mail. ECF No. 4 at 20. Initially a hearing was set for July 30, 2025. On July 25, 2025, nine days after Plaintiff was required to file an opposition to the motion, the parties submitted a joint motion for an extension of time to respond to the motion to dismiss. ECF No. 9. The Court granted the joint motion and reset the deadline for Plaintiff to respond to the motion to dismiss to August 15, 2025. ECF No. 10. Plaintiff never filed a response.

Plaintiff did not file an opposition or statement of non-opposition. Plaintiff's lack of opposition constitutes Plaintiff's consent to granting the Motion. CivLR 7.1.f.3.c; *see also* James Simmons Jr., U.S. District Judge, Civil Chambers Rules ("Chambers Rules"), Section I.D. The Civil Local Rules indicate that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion …." *Id*. Similarly, Chambers Rules, Section I.D explicitly provides that "[a]n opposing party's failure to file an opposition to any motion may be construed as consent to the granting of the motion …."

The Ninth Circuit has held that pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond. *See generally Ghazail v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) (affirming dismissal based on the failure to timely file an opposition pursuant to local rules where plaintiff had notice of the motion and ample time to respond); *see also Lang v United States*, No.: 3:23-cv-02260-RBM-DEB, 2024 WL

5145962 (S.D. Cal. Dec. 17, 2024) (granting Defendant's motion to dismiss without reaching the merits, simply based on Plaintiff's failure to oppose the motion.).

Civil Local Rule 7.1.f.3.c expressly provides that "[i]f an opposing party fails to file papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court." Here, the Plaintiff did not file an opposition and did not request additional time prior to the date required for the filing of the opposition.

Relying on Civil Local Rule 7.1.f.3.c, the Court deems Plaintiff's failure to oppose Defendant's motion to dismiss as consent to the dismissal of the action. Accordingly, the Court **GRANTS** Defendant's motion to dismiss based on lack of opposition. Defendant requests that the Court grant the motion on the merits and dismiss the case with prejudice. ECF No. 11. However, this was the first opportunity for Plaintiff to address this matter and the Court believes it would be appropriate to grant Plaintiff leave to amend the complaint to address any deficiencies. The Court declines to dismiss this case on the merits.

**B. Motion to Withdraw as Counsel**

On September 5, 2025, local counsel, Marcus Bourassa, filed a motion to withdraw as counsel on this case. ECF No. 12. On September 15, 2025, Defendant filed a response indicating they do not oppose the motion. ECF No. 17. Good cause having been shown, Mr. Bourassa's motion to withdraw as counsel on this case is **GRANTED**.

///
///
///
///
///
///
///
///
///

### III.  CONCLUSION

The motion to dismiss (ECF No. 4) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**. The hearing currently set for September 17, 2025, is **VACATED**. Plaintiff has 21 days from the date of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this action. Mr. Bourassa's motion to withdraw as counsel is **GRANTED**.

**IT IS SO ORDERED.**

Dated:  September 15, 2025

Honorable James E. Simmons Jr.
United States District Judge